```
IN THE UNITED STATES DISTRICT COURT FOR THE
         SOUTHERN DISTRICT OF GEORGIA
               SAVANNAH DIVISION
```

CALVIN JAMES,                         *
                                      *
    Plaintiff,                        *
                                      *
    v.                                *       CV 421-327
                                      *
JUDGE WILLIAM T. MOORE,               *
MAGISTRATE JUDGE CHRISTOPHER          *
L. RAY, and DIST. COURT CLERK,        *
                                      *
    Defendants.                       *

## O R D E R

Plaintiff filed this lawsuit while incarcerated at the Federal Correctional Complex in Coleman, Florida. Plaintiff is proceeding *pro se* in this case brought under 42 U.S.C. § 1983. (Doc. No. 1, Complaint.) Initially, the Court notes that Plaintiff did not file a request to proceed *in forma pauperis* or pay the filing fee. Moreover, as he has neglected to do in many prior cases, Plaintiff did not correct the Clerk's Notice of Deficiency regarding his failure to pay or file IFP. (See Doc. No. 2 (Notice of Filing Deficiency; see also, e.g., Case No. 4:21-CV-284 (S.D. Ga. Oct. 1, 2020); Case No. 4:21-CV-296 (S.D. Ga. Oct. 8, 2021); Case No. 4:22-CV-79 (S.D. April 4, 2022). Plaintiff's Complaint may well be dismissed for his continued failure pay the fee. See Mingo v. Sugar Cane Growers Co-op. of Fla., 864 F.2d 101, 102 (11th

Cir. 1989) ("The district court possesses the inherent power to police its docket.")

Even though Plaintiff has not paid his filing fee or requested to file *in forma pauperis*, Plaintiff's pleadings are screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). Specifically, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, --- U.S. ---, 140 S. Ct. 1721, 1726 (2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The only exception to section 1915(g) is if the frequent filer prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

Here, Plaintiff sued two federal judges and the district court clerk for failing to respond to his request for a status report in another case. On its face, Plaintiff's Complaint is frivolous, but Plaintiff's claims are presently dismissed because he has acquired "three strikes" and he cannot proceed because he failed to pay the filing fee. Although he has filed many more cases, the Court is aware of at least five cases related to his imprisonment that Plaintiff filed prior to this case. All of these cases were

dismissed during frivolity review: (1) Case No. 8:20-CV-32 (M.D. Fla.) (dismissed Jan. 8, 2020); (2) Case No. 1:20-CV-2982 (N.D. Ga.) (dismissed June 28, 2021); (3) Case No. 1:21-CV-33 (N.D. Ga.) (dismissed Feb. 10, 2021); (4) Case No. 1:21-CV-2090 (N.D. Ga.) (dismissed June 21, 2021); and (5) Case No. 5:21-CV-383 (M.D. Fla. July 28, 2021).  Thus, Plaintiff is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g), who must allege he is in imminent danger of serious physical harm to circumvent the filing fee.

Plaintiff makes no specific allegations to satisfy the present imminent danger exception.  And without "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury," he may not proceed IFP in this case.  Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).  Moreover, a prisoner who is no longer entitled to proceed IFP must pay the full filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The prisoner cannot simply pay the filing fee after being denied in forma pauperis status.  He must pay the filing fee at the time he initiates the suit."). In other words, after the third meritless suit, the prisoner must pay the filing fee at the time they *initiate* the suit, and any later attempt to pay is futile.  Id. (citing Vanderberg v. Donaldson, 259 F.3d 1321 (11th Cir. 2001)).

4

Considering Plaintiff did not pay the filing fee at the time he initiated suit, and noting that Plaintiff is not relieved of this requirement because he is a "three striker" who has not alleged he is in imminent danger, this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $402.00 filing fee.

Upon the foregoing, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of July, 2022.

_____
UNITED STATES DISTRICT JUDGE